MANUEL RAMÍREZ SANTOS, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1106. Submitted November 2, 1942.—Decided November 4, 1942.

*Antonio L. López* for appellant.

Mr. Justice Travieso delivered the opinion of the court.

From the deed presented for record in the Registry of Property of San Juan, Second Section, we take the following facts:

By public deed of January 3, 1931, the minors Silvia María and María Socorro Viera Díaz, represented by their mother Mrs. Socorro Díaz Viera, loaned the sum of $4,000 to Mr. Manuel Ramírez Santos who, to secure the loan, mortgaged to said minors two estates, one located in Caguas and the other in Río Piedras. In September 7, 1939, Manuel Ramírez Santos and his wife conveyed both estates to the minors in payment of the loan. In the deed of conveyance there was stipulated and granted to said Manuel Ramírez Santos "the privilege of option to buy" conditioned upon the payment by him of the sum of $4,000, the principal amount of the loan contracted between the parties, accrued interest thereon, taxes, and a reasonable amount as profits.

In the month of April 1942, the mother of the minors appeared before the District Court of San Juan and requested the approval of the contract and also that she be authorized to sell both properties to Manuel Ramírez Santos for the price of $5,500. On April 24, 1942, the district court issued an order approving and authorizing the sale, which was effected on May 1, 1942, pursuant to the deed that has given rise to the present appeal. The reasons given by the Registrar for refusing to record the sale to Ramírez, the appellant herein, are stated in a decision which reads thus:

"Record is denied of the preceding document, as it is observed that from the judicial authorization it does not appear that the Court ordered the sale to be carried out by the Marshal at a public auction, although the property belongs to persons under legal age, nor has said sale been carried out in the manner provided by law

and the various decisions of the Supreme Court; and in lieu thereof a cautionary notice is entered . . . . . as to the estate marked letter 'B' which is the only one within the jurisdiction of this registry."

■■ According to the briefs of both parties, the clause by which Ramírez was granted the option to purchase the properties reads thus:

*"Sixth:* The purchaser, Mrs. Socorro Díaz Viera, hereby states that, in case she wishes to sell said property, she will grant the privilege of option to purchase said property to the spouses Mr. Manuel Ramírez Santos and Mrs. María Serrano Viera, said privilege of option to run for one year from the date of execution of this deed, provided said appearing spouses pay the total principal sum and interest thereon herein stated, and all the expenses incurred in the drafting and recording of this deed, including the amounts owed for taxes to The People of Puerto Rico."

It seems evident that on approving the proposed conveyance of the property to Ramírez, the district court, notwithstanding the fact that it had before it the deed of conveyance to the minors, did not take into consideration that the right granted or reserved to Ramírez, which really was a preference in case of sale and not an "option to purchase," could only be exercised by Ramírez within one year from the granting of the deed of sale and only in case Mrs. Viera should want to sell the estates. The deed of sale having been executed on September 7, 1939, the right of preference in case of sale granted to Ramírez ceased to exist on September 7, 1940, from which date the two minors became absolute owners of the two properties with the right to sell them freely and under no obligation to give Ramírez any preference in the sale.

■ Conceding, without holding, that the right of preference reserved to Ramírez, so long as it existed, was valid and binding on the minors, could the district court, on April 29, 1942—nineteen months after the so-called privilege of option had lapsed—authorize the sale of the property to Ra-

mírez as though his supposed privilege still existed, and disregard the legal requisite of sale by the marshal and at public auction? We think and hold that the district court lacked such power and that its order of April 29, 1942, authorizing the sale to Ramírez in accordance with the stipulation of the deed of sale, is void, as it is contrary to the express provisions of §§80 and 82 of the Act relating to Special Legal Proceedings, and §§614 and 616 of the Code of Civil Procedure, 1933 ed.

The decision appealed from is hereby affirmed.